We're going to go through the sixth case this morning, U.S. v. Rule. Good morning. May it please the Court. My name is Quinn Michaelis, and I am here on behalf of Demone Rule. Under Illinois law, attempt offenses do not contain as an element the use, attempted use, or threatened use of actual physical force, and therefore do not qualify as violent felonies under the ACCA post-Johnson. Murder and attempted murder are not enumerated offenses under the ACCA. Therefore, to qualify as a violent felony, the elements of attempted murder must include the use of force. Ms. Michaelis, in order for you to succeed here, would we have to overrule the Court's opinion in Hill as well as the recent one in DDB? You would have to overrule Hill, of course. DDB, I believe, deals with Indiana case law. It deals with different case law, but it still finds that when a substantive offense would be a violent felony, that an attempt to commit that offense is also a violent felony. That's correct. So, yes, you would have to overrule both of those. So you're just preserving it for possible? I am, and obviously we've argued in the brief that we believe that Hill has been wrongly cited, and I can continue to go into that if you prefer. I don't think it's necessary. You've preserved your right to seek cert, and that's sufficient. Thank you very much. Thank you. Thank you. May it please the Court. Deborah Bonamici on behalf of the United States. The District Court correctly relied on this Court's decision in Hill in determining that the defendant here was qualified for sentencing under the ACCA based on his prior conviction for attempted murder. The defendant has not provided any good basis for overruling Hill. Hill was correctly decided. We would ask that this Court affirm. Thank you, counsel. Thanks to both counsel for making a very brief trip in this bad weather. At least, not for the government who did make a very long trip. In any event, we move to case number...